```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF KENTUCKY
                          LEXINGTON DIVISION



IN RE:

DALLAS OWENS

DEBTOR                                          CASE NO. 08-52032


ANNA C. JOHNSON, TRUSTEE                        PLAINTIFF

VS.                                             ADV. NO. 08-5104

AMERICAN FOUNDERS BANK, INC.                    DEFENDANT
```

**MEMORANDUM OPINION**

The court once again takes up the question of whether the Trustee may avoid an allegedly defective mortgage.  In this instance, the defect the Trustee complains of is the failure of the Defendant's first mortgage to state the date of the promissory note secured by it. Both parties seek summary judgment and have filed memoranda in support of their respective positions and in response to each other.  The court has considered the briefs filed by the parties and has conducted a hearing on the matter, whereupon it was submitted for decision. This court has jurisdiction of this matter pursuant to Judicial Code section 1334(b); it is a core proceeding pursuant to Judicial Code section 157(b)(2)(K).

    1.   <u>Factual and procedural background</u>

The parties have entered into Joint Stipulations which provide in pertinent part as follows:

    7.   [The Debtor] . . . filed his bankruptcy on August 8,

        2008[.]
8. The debtor owns and has titled in his name the real estate located at 3401-B Tishoff Court, Lexington, Kentucky ("Real Property").
9. The Debtor acquired title to the Real Property by deed dated April 29, 2004, of record in Deed Book 2453, Page 616, of the Fayette County Clerk.
10. Debtor financed his acquisition of the Real Property by borrowing the sum of $150,000 from Defendant, American Founders Bank ("AFB")("Purchase Money Loan").
11. Debtor secured repayment of the Purchase Money Loan by granting Defendant AFB a first mortgage lien against the Real Property ("Purchase Money Mortgage").
12. Defendant AFB recorded the Purchase Money Mortgage in the aforesaid Clerk's office on May 4, 2004.
13. The Purchase Money Mortgage is of record in Mortgage Book 4860, Page 723 of the aforesaid Clerk's office.
14. On October 28, 2004, Debtor refinanced the Purchase Money Mortgage by borrowing the sum of $181,000.00 from Defendant AFB ("Refinance Loan").
15. Debtor secured the repayment of the Refinance Loan by granting Defendant AFB a mortgage line against the Real Property ("Refinance Mortgage").
16. The Debtor used $153,561.73 of the Refinance Loan of pay off the Purchase Money Loan.
17. Defendant AFB recorded the Refinance Mortgage in the aforesaid Clerk's office on November 5, 2005 (sic).
18. The Refinance Mortgage is of record in Mortgage Book 5097, Page 267 of the aforesaid Clerk's office.
19. On the same date as the Refinance Mortgage, Debtor entered into a home equity line agreement with Defendant AFB with a maximum credit line of $20,000.00 ("Home Equity Loan").
20. Debtor secured repayment of the Home Equity Line with a second mortgage against the Real Property ("Second Mortgage").
21. Defendant AFB recorded the Second Mortgage in the office of the Fayette County Clerk on November 5, 2004.
22. The Second Mortgage is of record in Mortgage Book 5097, Page 275 of the aforesaid Clerk's office.
23. The Refinance Mortgage did not state the date of the promissory note secured by the first mortgage.

This proceeding was commenced by the filing of the Trustee's Complaint on October 30, 2008. The Defendant filed its Motion for Summary Judgment on December 11, 2008; the Trustee filed her Motion for Summary Judgment on December 12, 2008. The parties filed their respective Responses, and the court conducted a hearing on January 15,

2

2009, and took the matter under consideration for decision.

    2.    <u>Discussion</u>

        a.    <u>The Summary Judgment Standard</u>

Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Bankruptcy Rule 7056, provides that summary judgment is appropriate and "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The Supreme Court has observed that

> this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of *material* fact.
>   As to materiality, the substantive law will identify which facts are material.  Only disputes over facts which might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-248, 106 S. Ct. 2505, 2510 (1986)(emphasis in original).

The summary judgment standard is set out in *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2552-53 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

The Sixth Circuit has opined that "[r]ead together, *Liberty Lobby* and

*Celotex* stand for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989).

      b.   <u>Whether the Trustee may avoid the Defendant's lien</u>

The Trustee seeks to avoid the Defendant's lien by virtue of the "strong arm" powers accorded her in Bankruptcy Code section 544 as a hypothetical bona fide purchaser and a hypothetical judgment lien creditor:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by–
> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial line on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such creditor exists;
> . . . .
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or nor such a purchaser exists.

11 U.S.C. § 544(a)(1) and (3). The Trustee alleges that she may exercise this power because the Refinance Mortgage did not state the date of the promissory note secured by the first mortgage, and that she is therefore without constructive notice of the Defendant's lien. This argument is based on the requirement found in KRS 382.220 that "[n]o county clerk shall record a . . . mortgage covering real property by which the payment of any indebtedness is secured unless the . . . mortgage states the date . . . of the obligations thereby

4

secured which have been already issued or which are to be issued forthwith." KRS 382.220.

The Trustee cites in support of her position *Trio Realty v. Queenan*, 360 S.W.2d 747, Ky. (1962), in which the court found that it was proper for a county clerk to refuse to record a mortgage to secure future advances because it did not state the date and maturity of the obligation it secured. The court, in addressing the statute in question, stated: "The language here is that a mortgage which does not reveal the date and maturity of the obligation secured thereby is not a recordable instrument." *Id.* at 748. The Trustee maintains that the recording of an unrecordable mortgage does not constitute constructive notice.

This court has previously ruled in favor of the trustee in a proceeding involving the same mortgage defect, *James Rogan, Trustee v. Century Bank of Kentucky, Inc. (In re Ronnie Dennis)*, Case No. 04-30307, Adv. No. 04-3022 (E.D. Ky. September 29, 2004). The court held as follows:

> The only fact pertinent to this matter, set forth in the complaint initiating this proceeding and admitted by the Bank, is that the mortgage executed by the Debtor in favor of the Bank did not recite the maturity date of the indebtedness secured thereby. Section 382.330 of the Kentucky Revised States provides that a mortgage may not be recorded unless it states the date and maturity of the obligation secured. The bank's response is that the mortgage was, in fact, recorded. While an improperly recorded mortgage may give actual notice to one searching the title records, *see State St. Bank & Trust Co. v. Heck's, Inc.*, 963 S.W.2d 626, 630 (Ky. 1998), a bankruptcy trustee, by statute, has the rights and avoidance powers of a judicial lien creditor and bona fide purchaser "without regard to any knowledge of the trustee or of any creditor," 11 U.S.C. § 544(a). Indeed, the Sixth Circuit recently held that a "defectively acknowledged security interest *that is recorded* does not provide protection from a subsequent party who lacks notice of the interest." *Rogan v. America's Wholesale*

5

>   *Lender (In re Vance)*, 99 Fed. Appx. 25, 27 (6th Cir. 2004).
>   KRS Section 382.330 is even clearer than Section 382.270,
>   applied in *Vance*: while the latter provides that a mortgage
>   without the required acknowledgment is not valid against a
>   BFP or creditors, the statute upon which the Trustee relies
>   in this case prohibits the recordation of a mortgage without
>   the maturity date. *Trio Realty Co. v. Queenan*, 360 S.W.2d
>   747, 749 (Ky. 1962).
>   An improperly recorded mortgage does not give third parties
>   constructive notice of the mortgage, *State St. Bank & Trust
>   Co.*, 963 S.W.2d at 630, and the Bank's mortgage was not
>   properly recorded. For those reasons and because, as a
>   matter of federal bankruptcy law, a trustee cannot have
>   actual notice or knowledge, the Trustee has the right and
>   power to avoid the mortgage.

*Id.* at pp. 2-3.

The Defendant contends that the 2006 amendments to KRS 382.270 are applicable here in that they "made clear that all documents lodged for record provide constructive notice." This court does not agree; the amendments to KRS 382.270 address the failure or insufficiency of acknowledgment, but not the requirements of KRS 382.330. The court must therefore conclude that the Trustee may avoid the Defendant's lien in this instance.

   c.   Whether equitable subrogation entitles the Defendant to a lien

The Defendant further contends that if its mortgage fails to provide constructive notice, it is nevertheless entitled to a lien in the principal amount of $153,561.73 under the theory of equitable subrogation, the proceeds of the Refinance Loan being used to satisfy its prior mortgage debt. The Trustee responds that her rights as a hypothetical bona fide purchaser prevail over the rights of the holder of an equitable lien and prevent the operation of equitable subrogation. The Trustee's position is upheld by the Sixth Circuit's decision in *Simon v. Chase Manhattan Bank (In re Zaptocky)*, 250 F.3d

6

1020, 1029 (6th Cir. 2001) ("[T]he doctrine of equitable subrogation does not apply against a bona fide purchaser without knowledge.")

    d.    <u>Whether the Trustee's interest is superior to the Defendant's second mortgage to the extent of the first mortgage</u>

In addition to avoiding the Defendant's first mortgage, the Trustee seeks a holding that her interest is superior to the Defendant's second mortgage to the extent of the first. The Trustee argues that if she steps into the shoes of the first mortgage, the second mortgage does not move up in priority ahead of her interest because the Defendant had actual notice of the first mortgage. The Defendant responds by referring to this court's ruling in *Baker v. The CIT Group/Consumer Finance, Inc. (In re Hastings)*, 353 B.R. 513 (Bankr. E.D. Ky. 2006):

> [P]reservation of a lien avoided under Bankruptcy Code section 544 puts the estate in the shoes of the creditor whose lien is avoided; preservation does not improve the estate's position viz-a-viz other creditors. A later, properly perfected creditor prevails in this instance, and the estate's lien is junior to that later perfected security interest.

*Id.* at 520. The Defendant maintains therefore that the Trustee may not subordinate an otherwise valid lien to a defective, avoidable lien, and that because the second mortgage on the property is valid, its lien on the property is superior to the Trustee's.

The Defendant states that the fact that the later perfected security interest in *Hastings* was held by another creditor is "a distinction without a difference," ignoring the effect of its actual knowledge of the first mortgage. In *State Street Bank & Trust Co. v. Heck's*, 963 S.W.2d 626, Ky. (1998), the court held that while an improperly recorded mortgage "did not give *constructive* notice of its

7

existence to a subsequent purchaser or creditor, it retained priority over one whose interest was acquired with *actual or inquiry* notice of its existence." *Id.* at 630.  The Defendant's position finds no support in *Hastings*, and the Trustee must therefore prevail on this issue as well.

In consideration of all of the foregoing, the court therefore concludes that the Trustee is entitled to summary judgment that she may avoid the Defendant's lien and preserve it for the benefit of the estate, and that her interest is superior to the Defendant's second mortgage to the extent of the first mortgage.  An order in conformity with this opinion will be entered separately.

Copies to:

J.D. Kermode, Esq.
John P. Brice, Esq.

8

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*William S. Howard*
**Bankruptcy Judge
Dated: Thursday, March 12, 2009
(wsh)**